Clark & Associates
1212 W. Camelback Road, Suite 104
Phoenix, Arizona 85013
Telephone: (602) 266-9596
Facsimile:   (602) 266-6774
E-mail: ecf@awcesq.com
Anthony W. Clark, Bar No. 018279
Attorney for Debtor(s).

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF ARIZONA

In re: **Perry, Merit Ian**       )
                                   )   No.  **08-17282-ECF-SSC**
                                   )
SS #   XXX-XX-4152                 )   Chapter 13
                                   )
      AND                          )
                                   )
                                   )
SS #                               )
                                   )
         Debtors.                  )
_____ )

CHAPTER 13 PLAN AND APPLICATION
FOR PAYMENT OF ADMINISTRATIVE EXPENSE

Debtors propose the following Chapter 13 Plan:

1. PROPERTY AND INCOME SUBMITTED TO THE PLAN. Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

Debtor(s) shall pay $255 per month for 6 months  Thereafter, debtor(s) shall pay $490 per month for 54 months, to the Trustee on or before the 1st day of each month commencing with the 1/1/2009 payment.  Total Plan yield is approximately $27990.

Debtor(s) shall provide to the Chapter 13 Trustee a copy of tax returns, State and Federal, when filed, for each tax year for duration of the Plan.  Any other property submitted to the Trustee will be treated as advance payment to payments already scheduled unless otherwise ordered by the court, but shall not shorten the duration of the plan to less than  36 months, unless such advance payments would pay 100% of all allowed claims.

2. DURATION.  This Plan shall continue for  60  months from the first payment.  If at any time before the end of this period all claims are paid, the Plan shall terminate.  Any funding shortfalls due to the accumulation of interest caused by the debtor's late payments or otherwise must be cured prior to the discharge of Debtors. Cause to extend duration of Plan beyond 36 months exists as follows:

3. CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified and paid as set forth below. This Plan and the Order Confirming shall not constitute an informal proof of claim for any creditor.

a. **ADMINISTRATIVE EXPENSES.**
1) **Trustee's Fees:** The Trustee shall retain that percentage of plan receipts as may be approved by the U.S. Trustee from time to time, not to exceed 10%.
2) **Attorneys' Fees:** Debtors have agreed to pay $4,000.00 , of which $3,000.00 shall be paid through the plan prior to commencement of payments on any claims set forth hereafter.

b. **CLAIMS SECURED BY REAL PROPERTY.** The following creditor(s) shall retain security interest(s) in real property and Debtor shall pay regular monthly payments coming due after commencement of the present case directly to the creditor(s) entitled to such payments. **DEBTOR STIPULATES TO LIMITED MODIFICATION OF THE AUTOMATIC STAY TO PERMIT REGULAR BILLING AND CORRESPONDENCE BY ANY AND ALL CREDITORS SECURED BY AN INTEREST IN REAL ESTATE AND FURTHER REQUESTS IMMEDIATE AND CONTINUOUS NOTIFICATION OF ANY DELIQUENCY OR INSUFFICIENCY OF PAYMENTS COMING DUE AFTER COMMENCEMENT OF THE PRESENT CASE, OR LAPSE OR BREACH IN PERFORMANCE OR MAINTENANCE OF ANY OBLIGATION UNDER ANY AGREEMENT CONTAINED OR ARISING OUT OF ANY COVENANT, DEED OR REGULATION, THAT OCCURS AFTER COMMENCEMENT OF THE PRESENT CASE, WHERE SUCH DEFICIENCY WOULD ENTITLE SUCH CREDITOR(S) TO FILE MOTION(S) FOR RELIEF FROM STAY.** Creditor(s) holding claims secured by an interest in real estate shall bear the entire expense of bringing any Motion for Relief in the event and to the extent such motion is based only on insufficient or late tender or lapse should such creditor fail to provide direct, timely notice of same to the debtor as requested hereinabove and provide a reasonable and customary period for debtor to effectuate a cure prior to filing such motion(s). No payment that came due prior to commencement of the present case shall be deemed late, nor shall the underlying agreement for mortgage financing or other obligation underlying any such claim(s) be deemed in default as a result of any arrearage provided for or payable under this Plan. The estimated arrearage set forth below shall be adjusted to reflect the actual arrearage pursuant to Proof(s) of Claim, unless Debtor files an objection to such Proof(s) of Claim prior to confirmation. Creditor(s) asserting claim(s) secured by real estate whose claim differs from the treatment hereunder shall bear shall bear the entire expense of filing any objection to confirmation to the extent such objection is based only on amount(s) to be paid under this Plan. Following payment of adequate protection and allowed administrative expenses, including allowed attorneys fees for debtor's counsel, claim(s) secured by interest(s) in real estate shall be paid pro rata until paid in full, prior to payment of other allowed secured claims.

Upon allowance of debtor's claim of exemption pursuant to A.R.S. §33-1101, proceeds from the sale of exempt real property may be used at debtor's discretion without further order of this Court. The estimated fair market value of the real property is $175,000 . The method of valuation is: debtor opinion . The estimated arrearages and interest to be paid under this Plan are as follows:

| CLAIMANT | NATURE OF LIEN | ARREARAGE | INT |
|---|---|---|---|
| Countrywide Home | deed of trust | $12,000.00 | 0.00 |

Property tax and association dues due and payable post-petition shall be paid outside the plan.

c. **CLAIMS SECURED BY PERSONAL PROPERTY**.
The following creditor(s) shall retain interest(s) in personal property described as collateral for such claim(s) and shall be paid the lesser of the claim amount and the value of the personal property securing the claim(s) ("the allowed secured claim") plus interest as indicated accruing from commencement of the case until satisfaction of the allowed secured claim. Upon timely filed and allowed Proof(s) of Claim, the balance of such claim(s) shall be paid as unsecured. Upon completion

Claims provided for as secured hereunder **will not receive payment unless Proof(s) of Claim are filed prior to confirmation, and same shall be paid as general unsecured if the claim(s) filed are designated "general unsecured" by the claimant. If claim(s) filed seek payment of amount(s) less than provided for herein,** same shall be paid as secured only to the extent set forth in the claim(s) as filed. If no objection(s) are filed and served upon Debtor's counsel within 10 days of the first Meeting of Creditors, claims not specifically treated as secured herein may be paid as general unsecured claims only if timely, allowed claims are actually filed and otherwise shall receive no payment hereunder. Upon confirmation, the following secured claims shall be paid the lesser of the value of collateral and the amount of the claim, plus interest, per declining principal balance method.

| CLAIMANT | COLLATERAL | CLAIM | VALUE | METHOD | UNSEC | INT | ADEQ PROT |
|---|---|---|---|---|---|---|---|
| Compass Bank | '03 Chevy Silverado | $8,000.00 | $8,000.00 | debtor opinion | | 8.0 % | $80.00 |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |
| | | | | | | % | |

Provisions offering adequate protection, if any, will not result in distribution of such funds prior to confirmation of the Plan UNLESS (1) the subject creditor files a secured proof of claim evidencing validity of the interest and asserting a purchase money security interest in the subject collateral and (2) the subject creditor makes written request to the Trustee to distribute such funds prior to confirmation; and (3) the subject collateral is in fact depreciating in an amount equal to or greater than the sum offered as periodic adequate protection hereunder. Otherwise, upon confirmation of the plan, those creditors scheduled to receive adequate protection shall receive the monthly payments so scheduled for the period between commencement of this case and confirmation and shall continue to receive such payments until funding is adequate to commence periodic pro rata payments as provided for herein

d. **PRIORITY CLAIMS**.

1) The following priority tax claims shall be paid in full without post-petition interest (except as provided in subparagraph A below). Payments on tax claims shall begin after payment of administrative expenses and secured claims. Any liens held by the respective tax agencies will be deemed satisfied and extinguished upon completion of this Plan and entry of discharge. Tax claims are to be paid as follows:

A. Tax claims upon which interest pursuant to applicable non-bankruptcy law shall be paid as follows:

CLAIMANT              AMOUNT
  NONE

B. Paid as priority claims:
CLAIMANT              AMOUNT
  NONE

C. Paid as general unsecured claims:
CLAIMANT              AMOUNT
  NONE

D. Paid as claim for child support:
CLAIMANT              AMOUNT
  NONE

2. DEBTOR(S) SHALL TIMELY FILE ALL TAX RETURNS AND PAY DIRECTLY ALL TAXES THAT ACCRUE AFTER COMMENCEMENT OF THE PRESENT CASE. Debtor(s) state(s) as follows with respect to the fact of filing tax returns due prior to the commencement of the present case: **All required returns have been filed.**

e. **ENGAGED IN BUSINESS.** Debtor(s) state(s) as follows with respect to self-employment or business activities: **Debtor(s) are not self-employed or engaged in business.**

f. **UNSECURED CODEBTOR CLAIMS**. Unsecured codebtor claims shall be paid in full prior to psayment of other general unsecured claims pursuant to 11 U.S.C. §362(a) and §1301.

| Creditor | Codebtor | Amount |
|---|---|---|
| **"NONE"** | | |

g. **UNSECURED CLAIMS.** All other claims shall be classified as unsecured and shall receive funding not otherwise required for the payment of claims set forth hereinabove. Any amounts unpaid shall be discharged. The Plan meets requirements of Code and achieves Chapter 7 reconciliation. The distribution to unsecured creditors stated in the Plan Analysis is only an estimate. The actual distribution to unsecured creditor may be less if claims, funding and/or duration of the Plan as confirmed differs from the original proposal set forth herein.
**As to any creditor who fails to file a proof of claim prior to confirmation, or files a proof of claim designated as "unsecured", the order confirming the plan shall provide for no payment or treatment as general unsecured (accordingly) without further notice.**
If a claim designated "secured" is in an amount less than that proposed in the plan, the order confirming the plan shall provide to pay the amount set forth on such proof of claim.

4. **LIEN AVOIDANCE.** Debtor moves to avoid the following liens pursuant to 11 USC §522(b). All other secured creditors shall retain their liens until paid as provided for herein.
**"NONE"**

5. **REJECTION AND ASSUMPTION OF CONTRACTS AND CLAIMS**. Debtor hereby gives notice of Rejection and/or Assumption of the following contracts and claims as indicated below. Where rejected, Debtor shall surrender the goods, premises or collateral that is the subject of such contract(s) or claim(s) in full satisfaction of any and all claims arising from such transaction(s) unless timely Proof(s) of Claim are allowed (and amended, as necessary) that reflect the actual rejection, termination or deficiency balance, if any. Where assumed, debtor shall resume direct payment of any amounts coming due following commencement of the present case and shall otherwise perform all obligations arising under such executory contract(s). Debtor reserves the right to reject and terminate any contract(s) assumed hereunder upon written Notice of Termination and Rejection filed with the Court and served upon the Trustee and part(ies) affected without regard to the timing of such notice.

| CLAIMANT | ACCEPT/REJECT | COLLATERAL | CLAIM | VALUE |
|---|---|---|---|---|
| **Suntrust** | **Reject** | **Diamond property** | **unknown** | **unknown** |
| **Taylor, et al** | **Reject** | **7136 E Agua Fria** | **unknown** | **unknown** |

6. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of the Order Confirming the Plan. Property of the estate shall vest in the Debtor upon confirmation of the Plan unless otherwise stated in the Order confirming the Plan. Debtor(s) may use the estate property in any manner or may sell the property without further order of this Court. Prior to and upon confirmation, the automatic stay pursuant to 11 U.S.C. §362 will remain in full force and effect on all real and personal property of the Debtor until the discharge or dismissal of this proceeding with respect to claims arising prior to commencement of this case.

7. **POST PETITION CLAIMS.** Claims allowed for post-petition debts incurred by Debtor may be paid in full and in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee may move to dismiss this case if Debtor incurs post-petition debts without the written consent of the Trustee and fails to directly satisfy such obligations.

8. **GENERAL PROVISIONS.**

a. If this case is filed as a joint case, the Debtors' estate shall be fully consolidated for purposes of administration. Pursuant to 11 USC 1322(b)(3), Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in Debtors' payments to the Trustee under this Plan.

b. The automatic stay granted pursuant to 11 U.S.C. Section 362 and 1301 shall remain in full force and effect until further order of this Court with respect to pre-petition claims.

APPLICATION FOR ADMINISTRATIVE EXPENSE PURSUANT TO RULE 2016(a)

1. Debtor(s) attorney, Clark & Associates, was paid $1,000.00 prior to commencement of the present case, and also received the $274.00 Court Filing fee, and was to collect the balance of fees of $3,000.00 through the Plan. This is the Debtors' attorney's first fee application in this case.

2. The source for these fees and expenses is the Chapter 13 Plan payments held by the Trustee and same are factored into the attached analysis of the Chapter 13 Plan.

3. The services to be rendered pursuant to the present "flat fee" application include and are limited to the following:

(a) analysis of debtor(s) financial condition, rendition of advice and assistance in determining whether to file a petition under Title 11 of the United States Code; formulation of plan contents and calculation of proposed plan capable of confirmation subject to 11 USC 1322, 1325 and 1328; counseling regarding the consequences, benefits and limitations of relief in the event the plan is confirmed versus those upon dismissal or conversion of the case;

(b) preparation and filing of the petition, schedules, statement of affairs, plan, motion(s) for wage withholding, pay advices, disposable income calculation, certificate of completion of pre-filing credit counseling, declaration of current monthly income and anticipated changes, pre-petition tax returns (if required), post-petition tax returns and anniversary income and expense declarations, and other documents required by the Court; and service of the Chapter 13 Plan and bar notice to all interested parties;

(c) representation of the Debtor at the meeting of creditors, at hearings on objections and at confirmation hearing(s) (if any);

(d) review and analysis of claims, plan funding, objections to confirmation, the Trustee's Recommendation or Objection to confirmation; objections to proof(s) of claim (limited to objections as to valuation and classification of claims); consultation, negotiations and conferences with the Trustee, creditors, and their attorneys and other interested parties prior to confirmation concerning resolution of objections and classification of claims that differ from the proposed plan; preparation of the Stipulated Order of Confirmation and circulation thereof to signatories.

4. Services NOT included in this "flat fee" application include and are not limited to the following:

(a) defense of motions for relief, motions to dismiss and other contested matters where cause is shown by movant(s);

(b) motions to approve sale, refinance, substitution of collateral, avoidance of liens and for leave to incur post-petition debt.

(c) amended plan(s), modified plan(s), motion(s) for moratorium and hardship discharge.

(d) amendment(s) to petition, schedules or statements necessitated by omission(s) or mistake(s) on the part of the debtor or change(s) of circumstance(s); change(s) of address.

5. Fees sought herein shall be paid as an administrative expense prior to secured and priority debts under 11 U.S.C. Section 507(a)(1), 11 U.S.C. Section 5030 and 11 U.S.C. Section 330. Fees incurred for services other than those set forth in paragraph 3 (three) above shall be paid by the Trustee, subject to Court approval of separate, itemized fee application.

| /s/ Anthony W. Clark | /s/Perry, Merit Ian | /s/ | 12/15/2008 |
|---|---|---|---|
| Attorney for Debtor(s), Bar No. 018279 | Debtor | Joint Debtor | Date |

FORM 13-2
PLAN ANALYSIS

Debtors: **Perry, Merit Ian**  No. 08-17282-ECF-SSC

Prior: Bankruptcy ( )   Chapter 13 ( )   Date 12/15/2008

Estimated Length of Plan: 60 months.

Trustee Use
§ 341 Meeting Date:
Continued: _____
Confirmed Date: _____

---

TOTAL DEBT PROVIDED FOR UNDER THE PLAN
AND ADMINISTRATIVE EXPENSES

A. TOTAL PRIORITY CLAIMS

   1. Unpaid attorney's fees............................................. $  3000

   2. Taxes ............................................................ $

   3. Other ............................................................ $

B. TOTAL OF PAYMENTS TO CURE DEFAULTS........................ $  12000

C. TOTAL OF PAYMENTS ON SECURED CLAIMS....................... $  10025

D. TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS........... $  166

E. SUBTOTAL.................................................... $  25191

F. TOTAL TRUSTEE'S COMPENSATION (10%) of Debtors' payments....... $  2799

G. TOTAL DEBT AND ADMINISTRATIVE EXPENSES..................... $  27990

---

RECONCILIATION WITH CHAPTER 7

H. INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
   1. Value of Debtor's interest in nonexempt property................... $
   2. Plus: value of property recoverable under avoiding powers........... $
   3. Less: estimated Chapter 7 expenses............................... $
   4. Less amounts payable to priority creditors other than costs
      administration.................................................... $
   5. Equals: estimated amount payable to general unsecured creditors
      if Chapter 7 filed (if negative, enter zero) ......................... $

I. ESTIMATED DIVIDENDS FOR GENERAL UNSECURED
   CREDITORS UNDER CHAPTER 7 .................................. $
J. ESTIMATED DIVIDEND UNDER PLAN................................. $  166

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.**